# 13 CIV 5600

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

---

BENJAMIN SALZANO, individually and on
behalf of all other persons similarly situated,

Plaintiff,

—against—

LACE ENTERTAINMENT INC. and GLEN
ORECCHIO, jointly and severally,

Defendants.

---



## COMPLAINT AND JURY DEMAND

1.      The plaintiff alleges on behalf of the plaintiff and other similarly situated current

and former employees of the defendants who elect to opt in to this action, pursuant to the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., that the plaintiff and those collective

action members are entitled to (i) unpaid wages from the defendants for hours the plaintiff and

the collective action members worked, for which the defendants did not pay the full minimum

wages, (ii) liquidated damages, and (iii) attorneys' fees and costs of the action.

2.      The plaintiff further alleges on behalf of himself and a class, pursuant to the New

York Labor Law, Art. 6, §§ 190 et seq., and Art. 19, §§ 650 et seq. (collectively "NYLL"), that

the plaintiff is entitled to (i) unpaid minimum wages from the defendants for hours the plaintiff

and the class worked for which the defendants did not pay the plaintiff and the class the full

minimum wage; (ii) unpaid spread of hours wages from the defendants for each day the plaintiff

and the class worked a spread of hours over ten, (iii) liquidated damages for failure to pay the

foregoing, (iv) liquidated damages for the defendants' failure to provide the plaintiff and the

1

class with a statement with each payment of wages, and (v) attorneys' fees and costs of the action.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367. The Court has jurisdiction over the plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

5.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## CLASS ACTION ALLEGATIONS

6.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the plaintiff seeks to prosecute the plaintiff's claims as a class action on behalf of a class consisting of all current and former employees who are or were formerly employed, within the meaning of the NYLL, by the defendants in the state of New York at any time since six years prior to the date of this complaint to the entry of judgment in this case who the defendants (i) did not pay the full minimum wage, (ii) did not pay spread of hours wages, or (iii) who failed to receive a proper wage statement from the defendants.

7.     This class is so numerous that joinder of all class members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the defendants, upon information and belief, there are approximately one hundred members of the class, most of whom would not be

2

likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

8.      The plaintiff will fairly and adequately protect the interests of the class and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. The plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

9.      A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

10.      Questions of law and fact common to the class predominate over questions that may affect only individual members because the defendants have acted on grounds generally applicable to the class. Among the common questions of law and fact common to the class are: (i) whether the defendants employed the class within the meaning of the NYLL; (ii) what proof of hours worked is sufficient where the employer fails in its duty to maintain time records; (iii) whether the defendants failed to pay the class the full minimum wage, in violation of the NYLL and the regulations promulgated thereunder; (iv) whether the defendants failed to provide the class with a proper wage statement for all payments; (v) whether the defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and (vi) whether the defendants should be enjoined from such violations of the NYLL in the future.

## COLLECTIVE ACTION ALLEGATIONS

11.    Pursuant to 29 U.S.C. § 216(b), the plaintiff commences this action as to the plaintiff's FLSA claims as a collective action on behalf of all similarly situated persons who are or were formerly employed by the defendants at any time since three years before the date of this complaint, to the entry of judgment in this case.

12.    The plaintiff and the collective action members have had substantially similar jobs and compensation and have been subject to the defendants' common policies and practices of willfully violating the FLSA as set forth in this complaint. The claims of the plaintiff stated herein are similar to those of the collective action members.

## PARTIES

13.    The plaintiff Benjamin Salzano is and was at all relevant times an adult residing in Richmond County.

14.    Upon information and belief, the defendant Lace Entertainment Inc. is and was at all relevant times a New York business corporation with its principal place of business in Rockland County.

15.    Upon information and belief, the defendant Glen Orecchio is and was at all relevant times an adult.

## STATEMENT OF FACTS

16.    At all relevant times, the defendants operated and continue to operate a chain of adult night clubs throughout New York and New Jersey which include Lace Gentlemen's Club, The Go-Go Rama, Diamond Club, and Stiletto.

17.    Upon information and belief, at all relevant times, Glen Orecchio was an owner, shareholder, officer, or manager of the defendant corporation.

18.     Upon information and belief, at all relevant times, Glen Orecchio was an individual who actively participated in the business of the defendant corporation, exercised substantial control over the functions of the employees of the defendant corporation, including the plaintiff and the collective action members, and acted directly or indirectly in the interest of an employee.

19.     Upon information and belief, at all relevant times, Glen Orecchio had the capacity on behalf of the defendant corporation to establish the wages and hours of the plaintiff, the class, and the collective action members.

20.     The defendants are associated and are joint employers, act in the interest of each other with respect to the employees of the defendants, have common policies and practices as to wages and hours, and share control over the defendants' employees.

21.     From approximately 2008 to October 2012, the defendants employed the plaintiff.

22.     At all relevant times, the defendants employed the plaintiff, the class and the collective action members.

23.     The defendants employed the plaintiff as a disc jockey.

24.     The plaintiff worked for the defendants approximately twenty to forty hours per week.

25.     From the beginning of the plaintiff's employment until approximately July 2012, the defendants did not compensate the plaintiff, the class, or the Collective Action Member for the hours the plaintiff and the collective action members worked.

26.     Beginning approximately July 2012, the defendants compensated the plaintiff, the class and the collective action members at the rate of $30.00 per shift at Lace Gentleman's Club, located at 195 Rt 303 in West Nyack, New York.  The plaintiff, the class, and the collective

5

action members continued to receive no compensation from the defendants at all other night club locations.

27.    The plaintiff's shifts at Lace Gentleman's club lasted approximately eight to ten hours.

28.    The defendants failed to pay the plaintiff, the collective action members, and the class the minimum wage.

29.    The plaintiff and the class worked a spread of more than ten hours for many of the days of their employment, yet the defendants willfully failed to pay them spread of hours wages.

30.    The defendants failed to furnish to the plaintiff and the class with each wage payment a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, and the collective action members, with a statement with each payment of wages.

31.    The defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA and NYLL.

32.    Upon information and belief, while the defendants employed the plaintiff, the class, and the collective action members, the defendants failed to maintain accurate and sufficient records.

FIRST CLAIM FOR RELIEF:
FAIR LABOR STANDARDS ACT

33.     The plaintiff, on behalf of the plaintiff and the collective action members, realleges and incorporates by reference paragraphs 1 through 32 as if they were set forth again herein.

34.     At all relevant times, the defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

35.     At all relevant times, the defendants employed the plaintiff and each of the collective action members within the meaning of the FLSA.

36.     Upon information and belief, during each of the three years preceding the date of this complaint, the defendants have had gross revenues in excess of $500,000 per year.

37.     At all relevant times, the defendants had a policy and practice of refusing to pay the applicable minimum wage to the plaintiff and each of the collective action members for the plaintiff and each of the collective action members' hours worked.

38.     As a result of the defendants' willful failure to lawfully compensate the plaintiff and each of the collective action members at the applicable minimum wage rate, the defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

39.     The defendants failed to keep records in accordance with the FLSA, 29 U.S.C. § 203(c), and 29 C.F.R. § 516.

40.     The defendants failed to post notices of the defendants' employees' rights under the law required by 29 C.F.R. § 516.4.

41.     Because of the defendants' failure to post notices of the defendants' employees' rights under the law, the plaintiff and the collective action members are entitled to the equitable

7

tolling of their claims from the start of the period of time during which the defendants failed to post such notices.

42.     Due to the defendants' FLSA violations, the plaintiff and each of the collective action members are entitled to recover from the defendants the plaintiff's and each of the collective action members' unpaid minimum wage, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

43.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

SECOND CLAIM FOR RELIEF:
NEW YORK LABOR LAW

44.     The plaintiff and the class, reallege and incorporate by reference paragraphs 1 through 43 as if they were set forth again herein.

45.     At all relevant times, the defendants employed the plaintiff and the class within the meaning of N.Y. Lab. Law §§ 2 and 651, and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14.

46.     At all relevant times, the applicable minimum wage was $7.15 until July 23, 2009, and $7.25 thereafter, according to N.Y. Lab. Law § 652(1) and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.1(a).

47.     The defendants willfully violated the plaintiff's and the class's rights by failing to pay the plaintiff the applicable minimum wage during plaintiff's employment, in violation of N.Y. Lab. Law § 592(1) and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.1.

48.     The defendants willfully violated the plaintiff's and the class's rights by failing to pay the plaintiff and the class spread-of-hours compensation, an additional hour of pay for days

in which the plaintiff worked a spread of hours in excess of ten, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

49.     The plaintiff and the class are entitled to recover from the defendants the plaintiff's and the class's unpaid minimum wage, spread-of-hours compensation, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL.

50.     The defendants failed to furnish to the plaintiff and the class with each wage payment a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.7.

51.     Due to the defendants' violation of N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.7, the plaintiff and the class are entitled to recover from the defendants liquidated damages of $100.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to N.Y. Lab. Law § 198(1-d).

52.     The defendants failed to keep records in accordance with N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.6.

53.     The defendants failed to post notices of the defendants' employees' rights under the law required by N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.8.

PRAYER FOR RELIEF

Wherefore, the plaintiff, on behalf of the plaintiff, the class, and the collective action members, prays this Court grant as relief:

a.    designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated collective action members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to become party plaintiffs pursuant to 29 U.S.C. § 216(b) and appointing the plaintiff and the plaintiff's attorneys to represent the collective action members;

b.    determination that this action may proceed and be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c.    a declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

d.    for the plaintiff and the collective action members, an award of unpaid minimum wage due under the FLSA;

e.    for the plaintiff and the collective action members, an award of liquidated damages due to the defendants' willful failure to pay the foregoing, pursuant to 29 U.S.C. § 216;

f.    for the plaintiff and the class, an award of unpaid minimum wage and spread-of-hours compensation, pursuant to the NYLL;

g.    for the plaintiff and the class, an award of liquidated damages due to the defendants' willful failure to pay the foregoing, pursuant to the NYLL;

     h.     for the plaintiff and the class, an award of liquidated damages as a result of the defendants' failure to furnish a statement with each payment of wages pursuant to the NYLL;

     i.     an award of prejudgment interest pursuant to the New York Civil Practice Law and Rules, § 5001;

     j.     an award of postjudgment interest;

     k.     the costs and attorney's fees of this action; and

     l.     such other and further relief as this court deems just and proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiff, on behalf of the plaintiff, the collective action members, and the class, demands a trial by jury on all questions of fact raised by the complaint.

LAW OFFICE OF JUSTIN A. ZELLER, P.C.

By: _____

Justin A. Zeller (JZ7094)
jazeller@zellerlegal.com
Brandon D. Sherr (BS2680)
bsherr@zellerlegal.com
277 Broadway Ste 408
New York, NY 10007-2036
Telephone: (212) 229-2249
Facsimile: (212) 229-2246

GOTTLIEB & ASSOCIATES
Dana Lauren Gottlieb (DG6151)
danalgottlieb@aol.com
Jeffrey M. Gottlieb (JG7905)
nyjg@aol.com
150 E 18th St PH R
New York, NY 10003-2461
Telephone: (212) 228-9795
Facsimile: (212) 982-6284

Dated: New York, New York
       August 12, 2013

**ATTORNEYS FOR PLAINTIFF**

12

## NOTICE OF CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of all named defendants in this action to pay me back wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct.

6/27/13
DATE

Robert Salzano
PRINT NAME

CLIENT SIGNATURE