USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/18/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
BENJAMIN SALZANO, individually and on : 
behalf of all other persons similarly situated, :
:
         Plaintiff, :  13 Civ. 5600 (LGS)
:
  -against- :  OPINION AND ORDER
:
LACE ENTERTAINMENT INC., et al., :
:
         Defendants. :
:
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

  Plaintiff Benjamin Salzano brings this case against Defendants Lace Entertainment Inc. ("LEI") and Glen Orecchio for unpaid wages, liquidated damages, and attorneys' fees and costs, claiming violations of the Federal Labor and Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Defendants moved to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Alternatively, Defendants seek an order to compel arbitration and a stay of this action, pursuant to an agreement to arbitrate between Plaintiff and Defendant LEI. For the following reasons, the motion to dismiss is denied, and the motion to compel arbitration and stay this action is granted.

**BACKGROUND**

  The facts below are taken from the Complaint and the "Non-Exclusive Lease of Dee Jay Equipment & Entertainment Facilities." From 2008 to 2012, Plaintiff Salzano worked as a disc jockey at Lace Gentlemen's Club, which Defendants own. Defendant Orecchio "exercised substantial control over the functions of the employees of [LEI], including the plaintiff. . ." and was Plaintiff's co-employer, along with Defendant LEI. Defendants allegedly did not

compensate Plaintiff for his work at Lace Gentlemen's Club from 2008 until around July 2012, after which Defendants compensated Plaintiff at the rate of $30.00 per shift, which lasted about eight to ten hours.

In each of the years 2010, 2011 and 2012, Plaintiff signed a one-year contract with LEI. The contract was in substance the same each year, and is referred to below, individually or collectively, as the "Contract." The Contract discusses the terms of a purported lease, the Plaintiff's obligations and compensation, LEI's obligations and the relationship of the parties.

The Contract contains an arbitration clause that provides in bold and all capital letters: "All disputes arising from this lease shall be exclusively decided by binding arbitration in accordance with rules of the American Arbitration Association and as may be modified by any state arbitration act. All fees shall be paid by non-prevailing party." The Contract also provides in bold and all capital letters:

> Disc Jockey agrees that all claims between he/she and club will be litigated individually and that they will not consolidate or seek class treatment for any claim. Disc Jockey further agrees not to commence any action, suit or arbitration proceedings relating in any manner whatsoever to this lease or to his/her performing at the premises of club more than six months after he/she last performed at the premises and further agrees to waive any statute of limitations to the contrary . . ..

On December 17, 2013, Defendants spoke to Plaintiff by telephone and waived the both the statute of limitations and fee-shifting provisions in the Contract.

**STANDARD OF REVIEW**

Defendants have moved to dismiss the case for lack of subject matter jurisdiction or, in the alternative, compel Plaintiff to arbitrate the claims pursuant to Section 3 of the Federal Arbitration Act and stay the case. No "case in this Circuit has held that mandatory arbitration clauses of the type at issue here deprive courts of subject matter jurisdiction of claims sounding in federal law." *Acevedo v. Tishman Speyer Props. L.P.*, 12 Civ. 1624, 2013 WL 1234953, at *2

2

(S.D.N.Y. Mar. 26, 2013) (citing *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009)). Accordingly, the Court treats the pending motion as a motion to compel arbitration and stay the case pending outcome of the arbitration.

**DISCUSSION**

The Court compels Plaintiff to arbitrate his FLSA and NYLL claims because he agreed to arbitrate, the arbitration clause covers Plaintiff's claims, and FLSA and NYLL claims were not intended by the respective legislatures to be nonarbitrable. *See JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 169 (2d Cir. 2004) (compelling arbitration when the parties agreed to an arbitration clause that covered the statutory claims, which were not intended by the respective legislatures to be nonarbitrable). Moreover, the Contract is not unconscionable because Defendants have waived the provisions that otherwise would have made the agreement substantively unconscionable. *See Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 124 (2d Cir. 2010) (compelling arbitration after the defendants waived substantively unconscionable provisions). Furthermore, Defendant Orecchio may compel arbitration because, even though he is not a signatory to the arbitration agreement, he has a close relationship to Plaintiff, the signatory, and the issues Orecchio seeks to resolve are factually intertwined with the agreement between Plaintiff and LEI. *See id.* at 127-28 (holding that a non-signatory can compel arbitration under such circumstances). Therefore, Plaintiff is compelled to arbitrate his FLSA and NYLL claims against both Defendants.

In order to determine whether to compel arbitration, a court must decide: (1) whether the parties agreed to arbitrate; (2) the scope of the arbitration clause; and (3) where statutory claims are asserted, whether the relevant legislature intended those claims to be nonarbitrable. *Stolt-Nielsen SA*, 387 F.3d at 169. "[A]ny doubts concerning the scope of arbitrable issues

[should be resolved] in favor of arbitration, [even if] the problem at hand is the *construction of the contract language itself . . . .*" *Republic of Ecuador v. Chevron Corp.*, 638 F.3d 384, 393 (2d Cir. 2011) (emphasis added) (internal quotation marks and citation omitted).  Where an arbitration clause is broad, there is a presumption of arbitrability that may only be overcome if "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that [it] covers the asserted dispute." *Anderson v. Am. Express Co.* (*In re Am. Exp. Fin. Advisors Sec. Litig.*), 672 F.3d 113, 128 (2d Cir. 2011) (internal quotation marks and citation omitted).

In this case, the parties signed an agreement that contained an arbitration clause and agreed to arbitrate any dispute arising from that agreement.  The clause was a "'clear, explicit and unequivocal agreement to arbitrate.'" *Dixon v. NBC Universal Media*, 947 F. Supp. 2d 390, 399 (S.D.N.Y. 2013) (quoting *Fiveco, Inc. v. Haber*, 893 N.E.2d 807, 809 (N.Y. 2008)). Furthermore, the arbitration clause here is broad because it specifies that "*all* disputes arising from this lease shall be . . . decided by . . . arbitration . . . ." *See McDonnell Douglas Fin. Corp. v. Penn. Power & Light Co.*, 858 F.2d 825, 832 (2d Cir. 1988) ("[A] broad clause [is one] in which parties agree to submit to arbitration disputes of any nature or character, or simply any and all disputes." (internal quotation marks and citation omitted)).

Because the arbitration clause here is broad, it covers all claims, including FLSA and NYLL claims.  "When we deal with a broad arbitration clause . . . it is clear that we have not limited arbitration claims to those that constitute a breach of the terms of the contract at issue." *Stolt-Nielsen SA*, 387 F.3d at 176. (citation omitted).  If the arbitration clause is broad, claims concerning a collateral matter or matters covered by the parties' contracts are presumed to be arbitrable.  *Id.* at 172; *see Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S.

614, 625 n.13 (1985) ("[I]nsofar as the allegations underlying the statutory claims touch matters covered by the [contract], the Court of Appeals properly resolved any doubts in favor of arbitrability."). In this case, Plaintiff's Contract with LEI discusses employment terms, wage rates, fees and tips, and his status as an employee, all matters touched upon by his FLSA and NYLL claims and their underlying factual allegation -- that he did not receive compensation for his work as an employee. *See Oldroyd v. Elmira Sav. Bank, FSB*, 134 F.3d 72, 77 (2d Cir. 1998) (reasoning that the plaintiff's claim touched matters covered by the contract because a significant part of the contract discussed the subject of the claim); *Ouedraogo v. A-1 Int'l Courier Serv., Inc.*, 12 Civ. 5651, 2014 WL 1172581, at *3 (S.D.N.Y. Mar. 21, 2014) (reasoning that the plaintiff's FLSA and NYLL claims touched matters covered by the employment contract because the contract expressly discussed compensation). Accordingly, Plaintiff's FLSA and NYLL claims are within the scope of the arbitration clause and, therefore, arbitrable.

No legislative proscription bars arbitrating NYLL and FLSA claims. Where a party is asserting a statutory claim that is subject to an arbitration agreement, that claim must be arbitrated unless the respective legislatures intended to "preclude a waiver of judicial remedies for the statutory rights at issue." *Guyden v. Aetna, Inc.*, 544 F.3d 376, 382 (2d Cir. 2008) (citation omitted); *accord Mitsubishi*, 473 U.S. at 626. Plaintiff, as the party opposing arbitration, has the burden to show that the legislatures intended to preclude arbitration for NYLL and FLSA claims. *Oldroyd*, 134 F.3d at 78. Courts have held that NYLL and FLSA claims are arbitrable and that the legislatures have not expressed or clearly implied an intention to preclude those claims from arbitration. *See, e.g.*, *Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 292 n.1 (2d Cir. 2013) (compelling arbitration of Plaintiff's FLSA and NYLL claims without specifying that the legislatures did not intend to preclude such arbitration); *Arrigo v.*

5

*Blue Fish Commodities, Inc.*, 704 F. Supp. 2d 299, 304 (S.D.N.Y. 2010), *aff'd*, 408 F. App'x 480 (2d Cir. 2011) (holding that Congress did not intend FLSA claims to be non-arbitrable).  In this case, Plaintiff has not produced any evidence that Congress intended to preclude arbitration in FLSA cases, nor that the New York legislature intended to preclude arbitration in NYLL cases.  Therefore, the NYLL and FLSA claims are arbitrable.

Plaintiff argues that the arbitration clause does not apply to him because the Contract has expired.  This argument is unavailing because the agreement does not provide that claims brought after the expiration of the agreement cannot be arbitrated.  Parties to an expired contract are still subject to its arbitration clause unless the parties clearly intended to limit the provision to disputes or claims that arise during the duration of the contract.  *Nolde Bros., Inc. v. Local No. 358, Bakery & Confectionery Workers Union*, 430 U.S. 243, 253-255 (1977) ("[I]n the absence of some contrary indication, there are strong reasons to conclude that the parties did not intend their arbitration duties to terminate automatically with the contract.").  Here, the arbitration clause does not expressly provide for any time limitations.  Therefore, the arbitration clause covers the FLSA and NYLL claims even though Plaintiff asserted them after the Contract expired.  *See Butchers, Food Handlers & Allied Workers Union, Local 174 v. Hebrew Nat. Kosher Foods, Inc.*, 818 F.2d 283, 287 (2d Cir. 1987) ("If the contract does not state that the duty to arbitrate ends with the termination of the contract, the strong policies favoring arbitration should ordinarily lead the court to conclude that the obligation to arbitrate -- especially as to claims that accrued during the term of the contract -- survives the expiration of the contract.").

Plaintiff also argues that provision 6E, which provides that "paragraph 6E survives termination of the lease[,]" indicates that the parties intended for the remaining provisions, specifically the arbitration clause, not to survive the termination of the lease.  As stated above,

however, the strong federal policy favoring arbitration dictates that courts should resolve any doubts concerning the scope of arbitrable issues in favor of arbitration. Accordingly, the arbitration clause here covers claims brought after the expiration of the Contract.

Plaintiff also argues that the terms of the Contract are unconscionable. This argument fails because Defendants waived the unconscionable terms. The Court must decide whether the arbitration clause itself, as opposed to the entire contract, is unconscionable. *Ragone*, 595 F.3d at 121. "Because unconscionability is an equitable defense to the enforcement of harsh or unreasonable contract terms, . . . a party cannot complain when the defendant through its waiver declines to enforce any potentially unconscionable term." *Id.* at 124 (internal citation omitted). Here, Defendants waived the only provisions in the arbitration agreement that might otherwise have made the arbitration provision unconscionable – the contractually created six-months limitations period and the fee-shifting provision. Furthermore, the Contract contains a severability clause that allows the arbitrator to strike "any part of [the] contract [that] is unenforceable." *See Ouedraogo*, 2014 WL 1172581, at *4. Therefore, the arbitration clause is enforceable.

Finally, Plaintiff argues that Defendant Orecchio cannot compel arbitration because he is not a party to the arbitration agreement. However, Orecchio may compel arbitration because Plaintiff's claim against Orecchio is factually intertwined with the agreement, and Orecchio has a sufficiently close relationship to Plaintiff. Equitable estoppel may allow a non-signatory to enforce an arbitration clause against a signatory to the agreement. *Ragone*, 595 F.3d at 126. Where (1) the issues the non-signatory seeks to resolve in arbitration are factually intertwined with the agreement that the signatories have signed, and (2) the non-signatory seeking arbitration and the signatory opposing arbitration have a sufficiently close relationship, then the signatory

7

resisting arbitration is estopped from doing so.  *Id.* at 127; *In re A2P SMS Antitrust Litig.*, 972 F. Supp. 2d 465, 476 (S.D.N.Y. 2013).  In this case, Plaintiff makes the same factual allegations against Orecchio, as he does against LEI – that Orecchio did not pay him for his work at Lace Gentlemen's Club.  Thus, the issues that Orecchio seeks to resolve through arbitration are factually intertwined with the agreement between the signatories.  *See Ragone*, 595 F.3d at 128.  Also, Plaintiff considered Orecchio to be his employer, and Orecchio "exercised substantial control over the functions of the . . . plaintiff;" consequently, Orecchio has a sufficiently close relationship with Plaintiff.  *See id.* (reasoning that a close relationship existed because the signatory knew that she would be working with and be supervised by the non-signatory).  Orecchio may compel Plaintiff to arbitrate his claims against Orecchio together with the identical claims against LEI.

## **CONCLUSION**

For the reasons stated above, the Court DENIES Defendants' motion to dismiss, and GRANTS Defendants' motion to compel arbitration and stay this action pending outcome of the arbitration, which is the Second Circuit's preferred mechanism for dealing with motions such as this one.  *See Salim Oleochemicals v. M/V Shropshire*, 278 F.3d 90, 92–93 (2d Cir. 2002).

The Clerk of the Court is directed to close the motion at Docket Number 18 and to stay the case.

SO ORDERED.

Dated: July 18, 2014
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE